43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul HO, Defendant-Appellant.
 No. 93-50814.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1994.*
Decided Dec. 14, 1994.
 
 1
 Before: FARRIS, POOLE, and KOZINSKI Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Ho appeals from his conviction for conspiracy and possession of counterfeited securities. He contends that the district court erred in restricting his ability to present extrinsic evidence of a government witness' prior inconsistent statements. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 An error at trial will not result in reversal if the government shows that the error more probably than not was harmless. United States v. Rahm, 993 F.2d 1405, 1415 (9th Cir.1993).
 
 
 5
 Hynh was expected to testify to post-arrest statements made by Dang while they were incarcerated together, although it is not entirely clear exactly what Hynh's testimony would have been because Ho failed to make an offer of proof, as required by Fed.R.Evid. 103(a)(2). See United States v. Beraun-Panez, 812 F.2d 578, 582 (9th Cir.1987). As the government correctly notes, however, Hynh's testimony could only be offered to impeach Dang; it could not have been offered to prove the truth of the matters asserted. Fed.R.Evid. 801(d)(1) and 802.
 
 
 6
 Even if Dang's testimony would have been completely discredited, there is ample additional evidence in the record from which the jury could have concluded Ho's guilt beyond a reasonable doubt. Agent Wagner testified that Ho and Dang arrived together at LAX with the counterfeit travelers' checks. And, although Dang did most of the talking, Ho actively participated in the transaction, occasionally conferring with Dang during the negotiation over the purchase price. This account was buttressed by the testimony of Devera, who testified in detail about Ho's extensive involvement in both obtaining the fraudulent travelers' checks and attempting to sell them to Agent Wagner. The abundant evidence pointing to Ho's guilt demonstrates that, even if Dang's testimony had been completely discredited by Hynh, it is more probable than not that the jury would have convicted Ho on both counts. The district court's error, if any, was therefore harmless.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3